UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

LEROY SUTTON,

                                                                         Plaintiff,     **FIRST AMENDED COMPLAINT**

                        -against-

                                           15 Civ. 4236 (ARR) (RML)

THE CITY OF NEW YORK; SGT. KEVIN CUNNINGHAM, Tax # 917485; DET. STEVE JONES, Tax # 921880; DET. JAMES HARGROVE, Tax # 941034; and DET. CARLOS ZENA, Tax # 923088; the individual defendant(s) sued individually and in their official capacities,

                                ECF Case

                                Jury Trial Demanded

                                   Defendants.

------------------------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.     This is a civil rights action in which plaintiff seeks relief for the violation of plaintiff's rights secured by 42 U.S.C. § 1983; and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Plaintiff's claims arise from an incident that arose on or about April 22, 2014. During the incident, the City of New York, and members of the New York City Police Department ("NYPD") subjected plaintiff to, among other things: unlawful search and seizure; false arrest; unreasonable force; assault; battery; failure to intervene; implementation and continuation of an unlawful municipal policy, practice, and custom; and respondeat superior liability. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees, pursuant 42 U.S.C. § 1988, and such other and further relief as the Court deems just and proper.

**JURISDICTION & VENUE**

2. This action is brought pursuant to 42 U.S.C. § 1983, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising under state law. Plaintiff's notice of claim was duly filed on defendant City of New York within 90 days of the incidents at issue, and more than 30 days have elapsed since such filing and the City of New York has refused to settle plaintiff's claims. Moreover, this action has been filed within one year and 90 days of the incident. Plaintiff has satisfied all conditions precedent for the filing of this action.

4. Venue is proper here pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in Richmond County, and the City of New York is subject to personal jurisdiction in the Eastern District of New York.

**PARTIES**

5. Plaintiff Leroy Sutton is a resident of the State of Pennsylvania, City of Philadelphia and was a senior citizen at the time of the incident.

6. At all times herein, defendant City of New York is a municipal corporation organized under the laws of the State of New York, which violated plaintiff's rights as described herein.

7. At all times alleged herein, defendants Police Officers Sgt. Kevin Cunningham, Tax # 917485; Det. Steve Jones, Tax # 921880; Det. James Hargrove, Tax # 941034; and Det. Carlos Zena, Tax # 923088 were employed with the 106th Precinct and/or

Narcotics Borough Queens, located in Queens County, New York or other as yet unknown NYPD assignment, who violated plaintiff's rights as described herein.

8. The individual defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

**The Incident**

9. On April 22, 2014, at and in the vicinity of 127-02 116th Avenue, South Ozono Park, New York 11420, and the 106th Precinct, several police officers operating from the 106th Precinct, including upon information and belief, defendants Sgt. Cunningham, Det. Jones, Det. Hargrove, and Det. Zena, at times acting in concert and at times acting independently, committed the following illegal acts against plaintiff.

10. On April 22, 2014, at approximately 6:00 a.m. at and in the vicinity of 127-02 116th Avenue, South Ozono Park, New York, defendants Sgt. Cunningham, Det. Jones, Det. Hargrove, and Det. Zena, without either consent, an arrest warrant, a lawful search warrant, a lawfully executed search warrant, probable cause, or reasonable suspicion that plaintiff (or any third person) had committed a crime unlawfully arrested plaintiff.

11. The police entered 127-02 116th Avenue, South Ozono Park, New York.

12. Plaintiff was in his bedroom when he heard a disturbance outside his bedroom door.

13. Plaintiff opened his bedroom door.

14. The police pointed firearms at plaintiff.

15. The police turned plaintiff around and handcuffed him in excessively tight handcuffs.

3

16. Plaintiff complained about the handcuffs being too tight.

17. The police repeatedly told plaintiff to "Shut up" when he asked what was going on and why they were arresting him and others.

18. The police asked plaintiff about a homicide he knew nothing about.

19. If the police had a search warrant, it was issued upon the basis of extremely unreliable information, the unreliability of which was withheld from the issuing magistrate.

20. If the police had a search warrant, they obtained it by failing to properly supervise and verify the reliability of any informant before obtaining the warrant and withheld this fact from the issuing magistrate.

21. If the police had a search warrant, they went beyond the scope of the warrant, including going beyond a safety search and searching plaintiff's property.

22. Once the police entered 127-02 116th Avenue, South Ozono Park, New York, plaintiff was not free to disregard the defendants' questions, walk away or leave the scene.

23. The police found no basis to arrest to plaintiff.

24. The police removed plaintiff to a van.

25. The police transported plaintiff to 106th Precinct, then to a parking lot, then back to the 106th Precinct for arrest processing.

26. The police transported plaintiff to Queens Central Booking.

27. At Queens Central Booking, plaintiff was transported to Queens Hospital Center for medical treatment.

28. Plaintiff was returned to Queens Central Booking where he was arraigned and released on his own recognizance.

4

29. In order to cover up their illegal actions, the police, pursuant to a conspiracy, falsely and maliciously told the Queens County District Attorney's Office that plaintiff had committed various crimes.

30. The police made these false allegations, despite the fact that they had no evidence that plaintiff had committed a crime, to cover up their misconduct, to meet productivity goals and quotas, and to justify overtime expenditures.

31. After having to appear in criminal court the case against plaintiff was adjourned in contemplation of dismissal on July 25, 2014, and dismissed on January 23, 2015.

32. Plaintiff was shocked, humiliated and embarrassed by the experience.

**General Allegations**

33. The individual defendants acted in concert in committing the above-described illegal acts against plaintiff.

34. Plaintiff did not resist arrest at any time during the above-described incidents.

35. Plaintiff did not violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above-described incident.

36. The individual defendants did not observe plaintiff violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above-described incident.

37. The individual defendants acted under pretense and color of state law and their individual and official capacities and within the scope of their employment. Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in

abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of their rights.

38. As a direct and proximate result of defendants' actions, plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation and financial loss.

39. Plaintiff is entitled to receive punitive damages from the individual defendants because the individual defendants' actions were motivated by extreme recklessness and indifference to plaintiff's rights.

## FIRST CLAIM

### (UNLAWFUL SEARCH AND SEIZURE UNDER FEDERAL LAW)

40. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

41. Defendants unlawfully searched plaintiff and the premises without a lawful warrant, cause, consent, and/or beyond the scope of any warrant.

42. Accordingly, defendants are liable to plaintiff for unlawful search and seizure under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## SECOND CLAIM

### (UNLAWFUL SEARCH AND SEIZURE UNDER STATE LAW)

43. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

44. Defendants unlawfully searched plaintiff and the premises without a lawful warrant, cause, consent, and/or beyond the scope of any warrant.

45. Accordingly, defendants are liable to plaintiff for unlawful search and seizure under New York State law.

### THIRD CLAIM
### (FALSE ARREST UNDER FEDERAL LAW)

46. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

47. Defendants falsely arrested plaintiff without consent, an arrest warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime.

48. Accordingly, defendants are liable to plaintiff for false arrest under 42 U.S.C. § 1983; and the Fourth Amendment to the United States Constitution.

### FOURTH CLAIM
### (FALSE ARREST UNDER STATE LAW)

49. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

50. Defendants falsely arrested plaintiff without consent, an arrest warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime.

51. Accordingly, defendants are liable to plaintiff for false arrest under New York State law.

## FIFTH CLAIM

### (UNREASONABLE FORCE)

52. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

53. The individual defendants' use of force upon plaintiff was objectively unreasonable.

54. The individual defendant officers did not have an objective and/or reasonable basis to use any degree of force against plaintiff, since plaintiff was unarmed, compliant, and did not resist arrest.

55. Those defendants who did not touch plaintiff, witnessed these acts, but failed to intervene and protect plaintiff from this conduct.

56. Accordingly, the defendants are liable to plaintiff for using unreasonable force, pursuant to 42 U.S.C. § 1983; and the Fourth Amendment to the United States Constitution.

## SIXTH CLAIM

### (ASSAULT)

57. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

58. Among other things as described above, defendants' search and seizure, battery, false arrest, and unreasonable use of force against plaintiff placed him in fear of imminent harmful and offensive physical contacts.

59. Accordingly, defendants are liable to plaintiff under New York State law for assault.

8

## SEVENTH CLAIM

### (BATTERY)

60. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

61. Among other things as described above, defendants' search and seizure, false arrest, and unreasonable use of force against plaintiff were illegal physical contacts.

62. Accordingly, defendants are liable to plaintiff under New York State law for battery.

## EIGHTH CLAIM

### (FAILURE TO INTERVENE)

63. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

64. Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

65. Accordingly, the defendants are liable to plaintiff for failing to intervene to prevent the violation of plaintiff's constitutional rights.

## NINTH CLAIM

### (MONELL CLAIM)

66. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

67. Defendant City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiff.

68. Defendant City of New York through the NYPD and its officers, committed the following unconstitutional practices, customs and policies against plaintiff: (1) wrongfully arresting innocent persons in order to meet productivity goals; (2) using unreasonable force on individuals; and (3) unlawfully obtaining and executing search warrants.

69. Upon information and belief, defendant City of New York, at all relevant times, was aware that the defendants were unfit officers who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct, or have been inadequately trained.

70. Nevertheless, defendant City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the individual defendants and improperly retained and utilized them. Moreover, upon information and belief, defendant City of New York failed to adequately investigate prior complaints filed against the individual defendants.

71. Further, defendants City of New York was aware prior to the incident that the individual defendants (in continuation of its illegal custom, practice and/or policy) would stop, arrest and prosecute innocent individuals, based on pretexts and false evidence.

72. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct involving the individual defendants, placing the defendant City of New York on notice of the individual defendants' propensity to violate the rights of individuals.

### TENTH CLAIM
### (RESPONDEAT SUPERIOR)

73. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

74. The individual defendants were acting within the scope of their employment as New York City Police Officers when they committed the above described acts against plaintiff, including falsely arresting, assaulting, and battering plaintiff.

75. The City of New York is therefore vicariously liable under New York State law for the aforesaid torts.

**WHEREFORE**, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Costs, interest and attorney's fees, pursuant to 42 U.S.C. § 1988; and

d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:   Brooklyn, New York
         June 3, 2016

                                            MICHAEL O. HUESTON, ESQ.
                                            *Attorney for Plaintiff*
                                            16 Court Street, Suite 3301
                                            Brooklyn, New York 11241
                                            (718) 246-2900
                                            mhueston@nyc.rr.com
                                            By:


                                            ____s/_____
                                            MICHAEL O. HUESTON